869 F.2d 1488
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Benjamin BUTLER, Jr., Plaintiff-Appellant,
v.
Forrest L. JEWELL, Sheriff, Berrien County, Defendants-Appellees.
 No. 88-1834.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1989.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and EUGENE E. SILER, Jr., Chief District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Benjamin Butler, Jr. moves for counsel and appeals from the district court's judgment granting the defendants' motion for summary judgment dismissing his civil rights suit filed under 42 U.S.C. Sec. 1983. Butler sued the Sheriff of the Berrien County Sheriff's Department and Berrien County. Butler filed this lawsuit to complain about the conditions of his confinement when he was a pretrial detainee at the Berrien County Jail from July 31, 1986 to October 16, 1986. He complained that (1) he was served cold, non-nutritious food; (2) he was limited to one hour of recreation per week; (3) the cell conditions upon initial processing were overcrowded; (4) the law library was inadequate; (5) he was supplied with clothing and bedding which were too small; (6) open toilet areas were in plain view of female jail employees and female prisoners, and (7) the razors provided were dull and unsanitary. He requested $500,000 in compensatory damages, $250,000 in punitive damages, and legal fees. The district court granted the defendants' motion for summary judgment because Butler failed to show that any of the conditions he complained about amounted to a constitutional violation.
 
 
 4
 Upon consideration, we shall affirm the district court's judgment granting summary judgment for the defendants as the record shows that there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986).
 
 
 5
 As an initial matter, we note that when the constitutionality of pretrial detention conditions is in issue, the eighth amendment prohibition against cruel and unusual treatment has no application. The eighth amendment only applies to those convicted of crimes. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). The protection afforded under the eighth amendment is however available to pretrial detainees under the fourteenth amendment. See Whitley v. Albers, 475 U.S. 312 (1986).
 
 
 6
 First, Butler claimed that his food is cold and non-nutritious. The fact that food is sometimes served cold does not amount to a constitutional deprivation. The due process clause does not regulate the general conditions and quality of life in the country's jails; and the courts should not attempt to make judgment calls to determine which of various marginally different conditions might be more appropriate. See Hamm v. DeKalb County, 774 F.2d 1567, 1573-75 (11th Cir.1985), cert. denied, 475 U.S. 1096 (1986). In addition, Butler's allegations that the food is non-nutritious are merely conclusory and will not support a Sec. 1983 action. See Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir.1971). The due process clause is satisfied as long as inmates are served well-balanced meals, containing sufficient nutritional value to preserve health. Green v. Ferrell, 801 F.2d 765, 770 n. 5 (5th Cir.1986).
 
 
 7
 Second, Butler alleged that he received inadequate recreation time under unsatisfactory conditions. Butler was allowed one hour of weekly recreation in a gymnasium in addition to daily out-of-cell activity. Although Butler may wish more recreation, this satisfied his right to regular access to recreation. See Miller v. Carson, 563 F.2d 741, 749-50 (5th Cir.1977).
 
 
 8
 Third, Butler complained about the cell conditions where he was placed for initial processing. He argued that prisoners are forced to live in small, dirty rooms, approximately 100 square feet, for up to four days, with as many as 26 other prisoners. He also argued that he was denied access to radio and television after he was assigned to his own cell. The defendants responded that the inmates are housed in the intake cells for only as long as it takes for the court to arraign the prisoners on pending charges. The defendants' exhibits show that plaintiff was moved to different rooms on three occasions, each time at his own request, and that the denial of radio and television was the result of disciplinary action. The defendants have produced affidavits and exhibits explaining their actions and describing the conditions. Butler failed to provide facts showing that the defendants' exhibits were false.
 
 
 9
 When a summary judgment motion has been filed showing entitlement to summary judgment, an adverse party may not rest on the mere allegations of the pleadings. The non-moving party must set forth, by affidavits or otherwise, specific facts showing there is a genuine issue for trial. See Fed.R.Civ.P. 56(e). Butler failed to so respond, thus, summary judgment was properly entered against him on this issue. The records show that the defendants tried to comply with Butler's requests and only removed special privileges as a result of disciplinary action. Furthermore, the time spent in the intake cells is limited and used only to house detainees until they can be arraigned and put into their own housing unit, if not released on bail. Not assigning each detainee to an individual unit as soon as he or she is brought into the jail serves the government's interest in insuring effective management and workable administration. Therefore, Butler's claim must fail.
 
 
 10
 Fourth, Butler claimed that he did not have access to adequate law books. He argued that he did not have access to any federal law books and was allowed six Michigan statutory books once a week on an average of two hours per day. The Constitution requires prison authorities to provide prisoners with either adequate law libraries or assistance from legally trained personnel. See Bounds v. Smith, 430 U.S. 817 (1977). The exhibits to defendants' motion for summary judgment show that, at the time he requested access to a law library, Butler was represented by counsel and that he was given all the books he requested. Butler had access to both law books and counsel; furthermore, he did not show that the alleged denial of adequate legal materials prejudiced him in any lawsuit. Thus, this claim also fails. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 11
 Fifth, Butler complained about being observed in open toilet areas by female guards. This claim is not supported or enlarged upon in his motion for summary judgment. As such, Butler failed to even state a claim as his allegations are vague and conclusory. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). Butler did not show that the guards humiliated and degraded him; such allegations and evidence are necessary to establish a fourth amendment violation. See Kent v. Johnson, 821 F.2d 1220, 1226-27 (6th Cir.1987); Grummett v. Rushen, 779 F.2d 491, 494-95 (9th Cir.1985). Thus, this claim also fails.
 
 
 12
 Butler's remaining complaints do not amount to an infliction of punishment. He has not alleged that the clothing, bedding or razors were provided to him in an arbitrary manner, or that they affected his health. It is also important to note that Butler had to use these articles for only two and one half months. These conditions are merely inconveniences which simply do not rise to the level of a constitutional violation.
 
 
 13
 Finally, the district court correctly admitted the defendant's document entitled "Pleadings and Direct Matters be Deemed Admitted" even though this pleading was filed late. The court has the power to admit the filing of an untimely answer. Under Fed.R.Civ.P. 36(b), allowance of a late response is permitted when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Butler has the responsibility to prove prejudice and the difficulty he expects to encounter in proving the case due to sudden need to obtain the evidence previously considered admitted. See generally Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1314 (8th Cir.1983). Butler failed to fulfill this requirement. Thus, the district court correctly accepted the defendants' untimely response.
 
 
 14
 For these reasons, the motion for counsel is denied and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation