960 F.2d 149
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Timothy HERRING, Jr., Plaintiff-Appellant,
v.
COUNTY OF CUYAHOGA; Cuyahoga County Sheriff's Department;
Warden Stafford, Cleveland County Prison,
Defendants-Appellees.
 No. 91-3792.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1992.
 
 1
 Before MERRITT, Chief Judge; RYAN, Circuit Judge, and FORESTER, District Judge.*
 
 ORDER
 
 2
 Timothy Herring, Jr., a pro se Ohio prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P.34(a).
 
 
 3
 Seeking monetary relief, Herring sued the county of Cuyahoga, Ohio, its sheriff's department and a county prison official, alleging that his constitutional rights were violated by the conditions of confinement while he was incarcerated at a Cleveland police district facility as a pretrial detainee. The district court determined that his claims were frivolous and sua sponte dismissed the case. Herring has filed a timely appeal. In his brief, he requests the appointment of counsel and a free transcript. The appellees have notified the court that they will not be filing a brief.
 
 
 4
 Upon review, we determine that the district court improperly dismissed Herring's claims as frivolous, because his claims do have an arguable basis in law and fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 5
 It is noted that Herring, during the period alleged in his complaint, was a pretrial detainee at the Cleveland police district facility. The treatment of pretrial detainees and conditions of pretrial confinement are evaluated under the Fourteenth Amendment, and "the dispositive inquiry is whether the challenged condition, practice, or policy constitutes punishment." Block v. Rutherford, 468 U.S. 576, 583 (1984). This court has held that the Eighth Amendment rights of prisoners are analogous to the Fourteenth Amendment due process rights of pretrial detainees. Barber v. Salem, 953 F.2d 232, 235 (6th Cir.1992). Thus, courts have been guided by the standard for evaluating the treatment of prisoners and the conditions of prison under the Eighth Amendment when they have considered claims involving pretrial treatment and conditions. See Butler v. Jewell, No. 88-1834, 1989 U.S. App. LEXIS 1908 (February 17, 1989); Redman v. San Diego, 942 F.2d 1435, 1442-43 (9th Cir.1991). Herring's claim should be evaluated to determine if the treatment he received constituted punishment.
 
 
 6
 In his complaint and in an attached sworn affidavit, Herring alleges numerous constitutional violations. Herring was incarcerated at a Cleveland police district facility from September 19, 1989 to October 17, 1989. During this time, he alleges that he was denied the basic elements of hygiene including showers, soap, tooth paste, tooth brushes, and clothing. His cell was filthy upon arrival and was never cleaned. Heat to the cell area was cut off at night, allegedly resulting in frigid temperatures. His cell contained only one steel cot without a mattress and he was even denied a blanket for several days. He was denied all exercise during his time at the facility. He was denied access to all reading and writing material.
 
 
 7
 We determine that Herring's claims are not frivolous. If his claims are true, the conditions in the Cleveland jail and the treatment he received constituted punishment, punishment in violation of the Fourteenth Amendment. Similar treatment and conditions have been held to violate the Eighth Amendment when faced by convicted prisoners. See Bellamy v. Bradley, 729 F.2d 416, 419 (6th Cir.) (the deprivation of the basic necessities of life by prison officials constitutes an Eighth Amendment violation), cert. denied, 469 U.S. 845 (1984); Parrish v. Johnson, 800 F.2d 600, 609 (6th Cir.1986) (the Eighth Amendment protects prisoners from the denial of the basic elements of hygiene); Brooks v. Seiter, 779 F.2d 1177, 1180 (6th Cir.1985) (prisoners retain a limited right to receive reading and writing material); Walker v. Mintzes, 771 F.2d 920, 927-28 (6th Cir.1985) (prisoners are entitled to regular exercise and a constitutional minimum of one shower per week).
 
 
 8
 Accordingly, we deny Herring's request for counsel and free transcript and vacate and remand the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation