99 F.3d 1139
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerald David RUSSELL, Jr., Plaintiff-Appellant,
v.
ROBERTSON COUNTY, TENNESEE; Ted Embry, Sheriff of Robertson
County, Tennessee; Jerald Jones, Lt.; City of
Ridgetop, Defendants-Appellees,
Paul McKissack, Sgt.; John Doe, an unknown Deputy Sheriff
and Jailer employed at the Robertson County Jail;
Dennis Pursley, Sgt., Defendants.
 No. 95-6365.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1996.
 
 1
 Before: LIVELY and NELSON, Circuit Judges; HACKETT, District Judge.*
 
 ORDER
 
 2
 Jerald David Russell, Jr., proceeding pro se, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Russell was a pretrial detainee in the Robertson County, Tennessee, jail. In an amended complaint, Russell alleged that the defendants violated his rights under the Fifth, Eighth, and Fourteenth Amendments by their callous indifference to his personal safety. Specifically, Russell alleged that the defendants failed to maintain adequate care and custody of prisoners, failed to segregate non-violent from violent offenders, and caused him to be placed in the Robertson County Jail where he was beaten by other inmates. He alleged that his arrest was made without probable cause. He also alleged that the county failed to train and supervise jail personnel properly, lacked on-duty nurses or emergency medical personnel, failed to train medical personnel, failed to provide medical training for jail officials, and failed to report, respond to, and investigate "dangerous situations."
 
 
 4
 Various motions to dismiss and motions for summary judgment were filed by the defendants, and Russell responded. The matter was referred to a magistrate judge who issued a report recommending that motions for summary judgment and for dismissal be granted in favor of the defendants. Despite Russell's objections, the district court adopted the report and recommendation in an order entered September 14, 1995. This timely appeal followed.
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants. See Fed.R.Civ.P. 56(c); City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994).
 
 
 6
 Summary judgment in favor of the City of Ridgetop was proper because municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless the deprivation resulted from a custom or policy of the governmental entity. Monell v. Department of Social Servs., 436 U.S. 658, 691 (1978); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 889 (6th Cir.1993). Russell has not shown that the City of Ridgetop has a custom or policy which resulted in the violation of his constitutional rights.
 
 
 7
 Summary judgment was proper insofar as Russell alleged that Robertson County is liable for improperly training its police officers. In some circumstances, a police department's failure to train its officers will give rise to liability if the governmental entity was deliberately indifferent to the rights of the people with whom the officers come in contact. City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989). While the evidence shows that Mickey Gilley and Danny West were recently hired officers, it is undisputed that each officer received some training from local jail officials and did not attend state training only because the state training program was unavailable between the time of their hire and the time of the Russell incident. Local jail officials can train their own employees. See Beddingfield v. City of Pulaski, Tenn., 861 F.2d 968, 972 (6th Cir.1988) (city's refusal to send officials to state training institute was not deliberate indifference to training where city provided its own training). Russell has not cited evidence as to the deficiency of this training.
 
 
 8
 Summary judgment was proper as to Russell's personal safety claim. The treatment of pretrial detainees and conditions of pretrial confinement are evaluated under the Fourteenth Amendment. See Block v. Rutherford, 468 U.S. 576, 583 (1984). This court has held that the Eighth Amendment rights of prisoners are analogous to the Fourteenth Amendment due process rights of pretrial detainees. Barber v. City of Salem, 953 F.2d 232, 235 (6th Cir.1992). Courts have been guided by the standard for evaluating the treatment of prisoners and the conditions of prisons under the Eighth Amendment when they have considered claims involving pretrial treatment and conditions. See Butler v. Jewell, No. 88-1834, 1989 WL 16851 (6th Cir. Feb. 17, 1989) (unpublished order); Redman v. County of San Diego, 942 F.2d 1435, 1442-43 (9th Cir.1991), cert. denied, 502 U.S. 1074 (1992). Thus, we evaluate Russell's claim to determine if the conditions at the Robertson County Jail constituted punishment.
 
 
 9
 Prison officials may be held liable under the Eighth Amendment for denying humane conditions of confinement only if they know that an inmate faces substantial risk of serious harm and disregards the risk by failing to take reasonable measures to abate it. Id. at 1974. The evidence does not support Russell's allegations that the defendants were deliberately indifferent to his needs with respect to his safety at the Robertson County Jail. Farmer v. Brennan, 114 S.Ct. 1970, 1976-77 (1994).
 
 
 10
 While the jail was overcrowded, Russell's individual cell was not overcrowded. Since the cell was not overcrowded, Russell can neither carry his burden of proof connecting the assault with the conditions of his cell, nor prove a constitutional violation relating to his incarceration in the cell. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981); Doe v. Sullivan County, 956 F.2d 545, 550 (6th Cir.), cert. denied, 506 U.S. 864 (1992). Even if overcrowding caused the assault, Russell has failed to show that the defendants were deliberately indifferent to the problem. There was no evidence that there was any prior warning of any violence in the Russell cell. Further, security checks were made on an hourly basis, and only a five minutes elapsed between the last security check of Russell's cell and the officer's response to the incident. Even if a pervasive risk of harm were established, Russell failed to show that jail officials reacted unreasonably as a matter of law.
 
 
 11
 Finally, Russell has not shown how the brief delay before the defendants responded to the assault amounted to a serious deprivation. Even if the delay amounted to a serious deprivation, Russell has not shown that the delay resulted from deliberate indifference. Russell does not deny that, once the officials learned of his injury, they promptly removed him from the cell and transported him to a hospital.
 
 
 12
 Summary judgment was proper to the extent that Russell sued defendants Embry and Jones for damages solely upon their status as a supervisor or chief executive officer. Russell has not demonstrated that defendant Embry or Jones condoned or authorized any unconstitutional behavior or policy. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989).
 
 
 13
 The portions of the district court order granting motions to dismiss were based on concessions made by the plaintiff at a hearing on objections to the magistrate judge's Report and Recommendation.
 
 
 14
 For the foregoing reasons, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation